### CORNELL *et al.* v. SKANEATELES R. CO.

*(Supreme Court, General Term, Fourth Department.    July, 1891.)*

RAILROAD COMPANIES—INJURIES AT PRIVATE CROSSINGS.

In an action against a railroad company for injuries sustained by reason of the defective condition of a crossing, it appeared that the crossing had been constructed for the private convenience of one P., and was not a public crossing. It did not appear who constructed the crossing. Plaintiff did not have any business with P. at the time he attempted to cross defendant's track. *Held*, that a verdict for plaintiff was properly set aside. MARTIN, J., dissenting.

Appeal from special term.

Action by Walter H. Cornell and Amy Cornell against the Skaneateles. Railroad Company for injuries to plaintiffs' horse while attempting to go over a private railroad crossing used by one McPeak. The crossing run into Mc-Peak's yard, and nowhere else. The highway runs north and south past McPeak's house, and through the highway runs the railroad track of defend-ant, in front of McPeak's house, which house is on the west side. There was a plank on the outside of the rail at the crossing. The plank was worn down some. The plaintiffs' horse caught the toe of the left hind foot of the near horse between the west rail and the plank along the east side, so that he could not pull it out. The train struck the horse, and broke its leg, in consequence of which the horse was killed. . It is claimed in behalf of the plaintiffs that the planking was out of order; that it was worn away; and that it was old, and had been there for many years; and that it was two inches lower than the top of the rail on account of the wear, and three and one-half inches from it. A railroad spike stuck up about an inch and a half, the head of the spike towards the rail. Upon this spike and in this hole the horse's foot was caught and held. After a verdict taken for the plaintiffs a motion for a new trial upon the minutes was made, and an order allowed granting a new trial, and the plaintiffs appeal from the order.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*F. E. Stone* and *Baldwin & Kennedy*, for appellants. *George Barrow*, for respondent.

HARDIN, P. J. Upon the trial the court charged the jury: "There can be no charge for negligence supported against a party who is claimed to be culpa-ble, unless that party has violated some duty which he owed the injured party, by the careless act complained of. This was not a place for the public to cross that railroad track. It was not constructed by anybody for the public to cross there. If it was built for any purpose it was for the convenience of McPeak, to get out into his own yard; and a party who passed over it, not having any business to do with McPeak, or being called there for any legiti-mate purpose, naturally would do so at his peril; and he would assume all the responsibilities incident to that passage, and resting upon the question of its defective structure. Such is the natural suggestion which arises from that proposition. But I have concluded to leave [it] to you, gentlemen,—the question of the defendant's negligence, and the question whether there was any duty owing by the defendant to the plaintiff in reference to this partic-ular matter, which would charge it with carelessness towards him. There is no evidence that these planks were laid by the defendant, the railroad com-pany. There is no evidence showing who laid them. There is evidence showing that they were laid for the convenience of McPeak to get out and in; and there is evidence to show that people who drove over this narrow space used these planks or this planking to get across upon the western side of the track and into McPeak's yard in case they were unfortunate in meeting an en-gine coming down. Now, as this was not a place for the public to cross, and as it was not a part and portion of the highway at that point, what obligation rested upon the defendant, which he owed to the plaintiffs, and which it was bound to discharge, which it omitted to do? Was the defendant guilty of carelessness because the plank was laid three inches from the rail? Was it guilty of negligence because a spike was started upon the rail there, at a point where it did not invite the public to cross, and where they had no right to cross except upon their own responsibility, and at their own hazard? Was that an act of carelessness on the part of the defendant to do either of these things? If it was, and if it owed this obligation to the public—not to Mc-Peak, but to the public generally—to see the crossing was well made, securely made, and that extraordinary care was used for the purpose of preventing

any possible accident there, then, gentlemen of the jury, you will have arrived at the conclusion that this company, the defendant, was guilty of negligence because it did not put down these planks, or see that they were put down in better shape." In the course of the opinion delivered by the learned trial judge in granting the motion he says: "Upon the evidence I do not think defendant owed plaintiffs any active duty or vigilance. The place where they attempted to cross defendant's road was not a public highway, but a private entrance from the highway—if a highway existed at that point, as contended by the plaintiffs—into McPeak's yard for his personal convenience and benefit." Again, he adds in the opinion, viz.: "The plaintiffs in attempting to enter his yard were not there on business with him, but appropriated this private crossing for their own convenience, and to avoid an approaching train of defendant's rightfully passing on the road. They were not there by defendant's invitation, nor upon its business, but for their own convenience simply." In *Matze* v. *Railroad Co.*, 1 Hun, 420, MILLER, P. J., in a case involving the same principle and question, says: "The fact that the persons were in the practice of passing at the place named did not of itself confer any right upon the plaintiff, or impose any additional duty upon defendant. If such a theory could be permitted to prevail, railroad corporations might be subjected to serious liabilities without their knowledge or consent by the acts of individuals assuming to establish rights which are entirely unauthorized. I do not understand that they owe any duty, even to the owner of a private way through which they pass, which called upon them to exercise care in running their trains." Upon the evidence found in the appeal-book we think the trial court was not warranted in allowing the jury to guess that it was the defendant's duty to keep the place where the accident occurred in a better state of repair. We agree with the learned trial judge in his conclusion that a new trial should be ordered. We therefore sustain his order. Order affirmed, with costs.

MERWIN, J., concurs in the result.

MARTIN, J., (*dissenting.*) The special term was of the opinion that, if the defendant owed the plaintiffs the duty of maintaining the crossing where the accident occurred in a safe condition for use, the verdict was justified by the evidence, but held that it did not. The learned presiding justice in his opinion seems to assume that the only question in the case is whether the defendant owed the plaintiffs any such duty, and holds with the special term that no such duty rested upon the defendant. In this conclusion I cannot concur. The defendant's railroad was laid in a public highway. It is true, the railroad company purchased the interest of the plank-road company therein. But it was not closed as a highway, but kept open, used by the public, and worked as such by the persons living along the same. The plaintiffs' servant and team were, therefore, properly there, and not trespassers in passing over it. But it is said that the injury occurred while the servant and team were crossing the railroad attempting to reach a place of safety while the train should pass, and hence they were trespassers. I cannot think so. They were still in the highway, and it seems to me that the danger was such as to fully justify the servant in crossing at this point to escape it, and that he was not a trespasser in doing so. In *Spooner* v. *Railroad Co.*, 115 N. Y. 22, 21 N. E. Rep. 696, where the plaintiff came to the defendant's track to see a train pass, found some small children playing about the rails, told them to get off the track, and, they not heeding her, she stepped upon it, to make them get out of the way, and her foot was caught between the plank and rail, and she injured by an approaching train, it was held that she was not a trespasser, and not chargeable with negligence in thus going upon the track. See, also, *Eckert* v. *Railroad Co.*, 43 N. Y. 502. In *Rexter* v. *Starin*, 73 N. Y. 602,

it was held that it is the duty, as well as the right, of a person whose property is endangered by the negligence of another, to do what he can to save and protect it; and therefore, if while exercising such care he is injured, the person guilty of negligence is liable. I think the principle of those cases should be applied here. The defendant had laid its railroad along a public highway, which was kept open, used, and worked as such. At the point where the injury occurred it was narrow, with a deep ditch on one side, and the railroad upon the other. It was dangerous to a person driving along it, especially if driving a team that was afraid of the cars. The plaintiffs' team was afraid of the cars, and their servant sought to reach a place of safety by attempting to cross the track over this crossing onto the premises of an adjoining owner. That, under the circumstances, it was proper for him to do so, and that in so doing he was properly using the crossing at that point, and was not a trespasser, so that the defendant owed him no duty, seems to me quite clear. If the order in this case can be sustained, I think it must be sustained on the ground that the proof showed conclusively that the cause of the accident was the projection of a spike above the surface of the tie into which it was driven, and that there was no evidence to justify a jury in finding that the defendant had either actual or constructive notice of its projection, and no evidence to justify it in finding that there was any defect in the original construction of the crossing that caused the injury complained of.